## AGREEMENT TO SUBMIT CONTROVERSY TO ARBITRATION.

[Franklin County Common Pleas Court.]

WALTER S. HANNA V. JOHN W. DAGES ET AL.

Decided, July 20, 1903.

*Arbitration—At Common Law—Revocable at any Time Before Award —Statutory Awards Under Section 5611—Award in Excess of Agreement not Enforceable—Can Not be Dissected.*

1. A common law award, made in excess of or in variance with the powers conferred by the agreement of arbitration, must be set aside, and Section 5611 incorporates the same provision into statutory awards.
2. Nor can an award thus made be dissected, and the valid part enforced and the part in excess set aside.

DILLON, J.

A company was formed in this city known as the Hayden-Corbett Chain Company. A controversy, or at least a complaint, arose especially directed against $5,000 of promotion stock held by the plaintiff in this case, Mr. Hanna. There was then an agreement to submit the controversy or complaint to three persons designated as a committee. That was a common law arbitration in fact and was therefore revocable at any time before the award. The terms of this agreement are the important features in this case.

They are partly oral and partly in writing. That part of it in which they agree to the three arbitrators is purely oral. Then the three parties signed a rough statement in words as follows:

"Columbus, Ohio, September 6, 1902.

"For and in consideration of one dolalr to me in hand paid, the receipt of which I hereby acknowledge, and for other valuable considerations, I hereby agree to release, sign over and deliver to the committee of the Hayden-Corbett Chain Company on or before September 13, 1902—to be turned into its treasury—stock in the said the Hayden-Corbett Chain Company, to the amount of $5,000, par value, or its equivalent in cash, and of the $15,000, $5,000 to be deducted and returned to the company as treasury stock, balance to be returned to original owner.

"W. S. Hanna.    (Seal).

"J. W. Dages, *Witness.*"

That agreement was signed by the other two parties to this controversy, Mr. Hayden and Mr. Corbett. When the time came for the plaintiff Hanna to sign it—and there is some little question as to just when he signed it, whether before or after he inserted the words to which I am about to call your attention—Mr. Hanna added to this agreement these words: "Balance to be returned to original owner." This signing took place after Hayden and Corbett had signed their respective blanks and had left the room. There was some controversy as to whether Mr. Hanna signed it before he added these words or after he added these words, but I hold it makes no difference. It was a part of his agreement to arbitrate because it was signed before delivered.

On September 23, 1902, the arbitrators made the following finding:

"Columbus, Ohio, September 23, 1902.
*"To the Directors of the Hayden-Corbett Chain Company:*

"Gentlemen—Your committee hereby recognize that of the $15,000 stock turned over to us by John T. Corbett, William H. Hayden and Walter S. Hanna for adjustment and disposition as we might elect, $5,000 of said stock to be returned to said John T. Corbett in consideration of his knowledge and experience in the business and the present estimated value of the patent power hammer; that $2,500 of said stock be turned over to William H. Hay-

den in consideration of his knowledge and experience in the business, and that the remaining $7,500 of said stock be held in the treasury except that when, in the opinion of the directory, the power hammer has demonstrated its value as a money-saver and our earnings will justify it, $2,500 additional of the treasury stock be issued to the said John T. Corbett as further compensation for the ownership of the said power hammer.

"J. W. DAGES.

"J. T. CORBETT.

"W. A. HARDESTY."

It will at once appear that the finding of these arbitrators is not sustained at all by that part of the submission to arbitrators which was signed by Mr. Hanna. Nor indeed do I believe it is sustained by the contract signed by the other two, Hayden and Corbett, but we are not interested in that. Each of them had a perfect right to annul this arbitration on the sole ground that Hanna had changed his written agreement to arbitrate, but they do not ask any relief in this regard. One thing is certain, whatever may be the verbal agreement and talk between them, that part of the written statement which Mr. Hanna signed must stand as a part of this agrement of submission to arbitrate, and I could not allow testimony to be introduced to vary it. He expressly provides that under no circumstances will it take over $5,000 of stock. The award takes $7,500 of it. I am of the opinion that the arbitrators were without legal authority to make this finding. They were limited to putting only $5,000 into the treasury and were bound so far as the plaintiff, Hanna, was concerned to distribute the remaining $10,000 to the original owner, whatever that expression may mean.

If the defendants, Corbett and Hayden, had complained, the award would have to be set aside for the change in the terms on the part of the plaintiff by inserting those qualifying and limiting words after they had signed and left.

Courts must set aside or refuse to enforce a common law award made in excess or in variance with the powers conferred and Section 5611 incorporates the same provision with reference to the statutory awards.

Nor can the court dissect this award and hold so much thereof as turns back into the treasury valid as to $5,000 and void as to an excess, for there must be a complete award and the arbitrators would be compelled to make a new award as to the remainder, a thing they can not now do, since the notice of revocation has been served upon them and is effective.

No valid award having been made, the revocation is in force and must be recognized.

In view of the written terms of Hanna's submission, the submission may also be void for uncertainty, but I do not deem it necessary to go into that question.

It is suggested by counsel for the defendants that more testimony should be permitted in explanation of the terms of the award, but I do not deem it proper, since I could not admit testimony to vary the terms of the writing signed by Hanna.

The order and finding will be that no valid award has yet been made; that the arbitrators were without power to make the award of September 23, 1902, and the revocation therefore is effective.

The certificates will be ordered returned to the respective parties without prejudice to any action to determine the true rights and ownerships of the parties. An exception may be noted and the appeal bond will be fixed at $200 in view of the uncertainty of the terms of the submission and the good faith of the arbitrators. I think each party to this action should pay his own costs.

*J. T. Holmes* and *C. D. Saviers,* for plaintiff.

*Ulric Sloane,* for defendants.